UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:   G & M ENTERPRISES, INC., | : | Case No. 10-21932REF |
| Debtor | : | Chapter 7 |
| DAVID A. EISENBERG, TRUSTEE, | : | Adv. No. 10-2154REF |
| Plaintiff | : | |
| v. | : | |
| C & J SERVICES, INC., | : | |
| Defendant | : | |

# ORDER DENYING DEFENDANT'S REQUEST FOR A CONTINUANCE AND MOTION FOR RECONSIDERATION

AND NOW, this 9 day of January, 2013, upon my consideration of Defendant's oral request for a continuance at and from the November 6, 2012 hearing on Defendant's motion for reconsideration of Trustee's default judgment, and upon my consideration of the merits of the motion for reconsideration, and upon Defendant's brief in support of its motions, and upon the colloquy with counsel at the November 6, 2012 hearing on the motion for reconsideration, and upon the findings of fact, the conclusions of law, and the discussion set forth in the Memorandum Opinion of even date,

IT IS HEREBY ORDERED that Defendant's request for a continuance of the November 6, 2012 hearing is hereby DENIED AS MOOT.[1]

IT IS FURTHER ORDERED that Defendant's motion for reconsideration of the entry of default judgment entered against it on August 8, 201, is hereby DENIED ON THE MERITS.[2]

BY THE COURT

_____
RICHARD E. FEHLING
U.S. Bankruptcy Judge

---

[1] As described more fully in the accompanying Memorandum Opinion, the sole reason for Defendant's request for a continuance was my decision at the November 6, 2012 hearing, not to admit the Snyder Affidavit into evidence. Because I am now admitting the Snyder Affidavit into evidence, Defendant's request for a continuance is moot.

[2] Again, as more fully described in the accompanying Memorandum Opinion, the inordinate delay of Defendant (and, parenthetically, its counsel) in seeking to open the default judgment long after it was entered, among other discussed reasons, causes me to deny Defendant's motion for reconsideration as unworthy on its merits.